THOMPSON (FLANDERS v.). See Case No. 4,853.

---

## Case No. 13,955.

### THOMPSON v. GEORGETOWN.

[1 Hayw. & H. 226.] [1]

Circuit Court, District of Columbia. Nov. 1, 1845.

ACTION OF COVENANT — CONTRACT — MEASURE OF DAMAGES—PROFIT.

The plaintiff contracted with the defendant to excavate and cut a passage way through a bar that crossed the main channel of the river Po-

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

tomac between Georgetown and the Potomac bridge. The plaintiff excavated a part of the amount agreed to be excavated and a freshet cleared away the balance, leaving the channel free to the satisfaction of the defendant, and the plaintiff was, thereupon, stopped by the defendant from completing the contract. On a suit brought on the covenants, it was *held*: That the amount of damages is not the contract price of the residue, but the fair and reasonable profit that would be made by the plaintiff if he were allowed to complete the contract.

[Action of covenant by Oscar D. Thompson against the corporation of Georgetown.]

Joseph H. Bradley, for plaintiff.
Clement Cox, for corporation.

BY THE COURT. This was an action on the covenants contained in a contract entered into between the plaintiff and the corporation of Georgetown, to excavate and cut a passage way through the bar that crosses the main channel of the river Potomac, between Georgetown and the Potomac bridge. There were two counts in the declaration. The first, averring that it was a covenant for at least 8,000 cubic yards at 35c., amounting to $2,800. That the plaintiff was to provide a dredging machine equal to the excavation of 150 cubic yards per working day. That he did provide such a machine and entered upon the execution thereof, as provided therein until the defendant was satisfied with the channel in the river, and he was stopped by defendant and claiming $2,800. The second, averring that he was always ready and willing, and then, that the corporation and plaintiff agreed to stop the work on a day mentioned. The plaintiff retaining his right to recover the stipulated amount which the corporation has refused to pay.

On the trial, the following instructions were given: (1) If the jury shall believe from the evidence that the contract given in evidence was abandoned by mutual consent of the parties before being completely executed without any reservation by the plaintiff at the time of any claim against the defendant beyond the stipulated rate of compensation for the work actually excavated by the plaintiff, and that the defendant had paid him the full price at that rate before the institution of this suit, then the plaintiff is not entitled to recover. (2) And if the jury shall further believe from the evidence, that the plaintiff only excavated 4,240 yards, part of the 8,000 yards mentioned in the contract given in evidence, and that he was prevented by the defendant from excavating the residue of the said quantity without his consent, and that, in fact, before such act of the defendant, if such act be found by the jury, the said residue or as much in the proposed line of excavation or any other equally satisfactory to the defendant had been excavated by a freshet in the river; then the plaintiff is not entitled to charge the defendant with the quantity excavated by the freshet as if made by him, and, although the jury shall find that

the plaintiff was prevented from excavating said residue as aforesaid, the true measure of damages to which the plaintiff is entitled under the circumstances is not the gross contract price of said residue at 35 cents per cubic yard, but is the fair and reasonable profit, if any, that the jury shall find from the evidence that the plaintiff would have made by excavating said residue over and above the expense to him of making such excavation. CRANCH, Chief Judge, dissenting. (3) And if the jury shall further find from the evidence, that the defendant has already paid the plaintiff any sum of money over and above the contract price of the work actually excavated by him, then such sum of money is in such case to be deducted from any allowance of profits as aforesaid. CRANCH, Chief Judge, dissenting.

Verdict for the plaintiff. The defendant moved for a new trial, because the verdict was against the evidence. Motion overruled and judgment rendered on the verdict for the plaintiff and damages at $600.